The document below is hereby signed.

Signed: July 6, 2017



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALVERTA LOUISE NORRIS, | ) | Case No. 17-00009 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE</u>

On May 5, 2017, the debtor filed a motion (Docket Number 41) to vacate this court's order of May 3, 2017, granting SRP 2010-6's *In-Rem Motion for Relief from Automatic Stay*. The court dismissed the case on May 15, 2017, noting that the case had become subject to automatic dismissal under 11 U.S.C. § 521(i) based on the debtor's failure to file schedules and other papers within 45 days after the commencement of the case. The automatic stay terminated on May 15, 2017, long before SRP 2010-6 could hold a foreclosure sale (given the requirement of notice before a foreclosure sale can be held).

However, the order at issue, titled *Order Terminating Automatic Stay and Granting Prospective Relief from the Automatic Stay on All Future Bankruptcy Filings for a Period of 180 Days*,

not only lifted the automatic stay but directed that:

> this relief order shall apply to and be binding upon the
> Property granting prospective in rem relief from any
> bankruptcy stay, whether under § 362 or §1301 of the
> United States Bankruptcy Code, in all future bankruptcies
> filed within a period of 180 days following the date of
> this order.

Accordingly, the motion to vacate has not been mooted by the

dismissal of the case.

The debtor's motion alleges that the debtor did not receive

notice of the filing of the *In-Rem Motion for Relief from*

*Automatic Stay* which was filed on April 13, 2017, and did not

receive notice of the hearing scheduled for May 4, 2017.

However, the attorney for SRP 2010-6 filed certificates of

service reflecting that she mailed both the motion for relief

from the automatic stay and notice of the hearing (as well as a

notice of the opportunity to oppose the motion for relief from

the automatic stay) to the debtor at her address of record, which

is:

> 4214 Benning Rd NE
> Suite 202
> Washington, DC 20019

Such service was effective even if the debtor did not receive the

mailed documents.

The debtor's motion was a timely motion under Fed. R. Bankr.

P. 9023, but the debtor's motion fails to set forth any grounds

why, on the merits, the relief sought by SRP 2010-6 could be

shown to be inappropriate if the debtor were allowed (based on

non-receipt of the *In-Rem Motion for Relief from Automatic Stay*)

to litigate that *In-Rem Motion for Relief from Automatic Stay*.

On the merits, the court's *Order Terminating Automatic Stay
and Granting Prospective Relief from the Automatic Stay on All
Future Bankruptcy Filings for a Period of 180 Days* entered on May

3, 2017, was entirely appropriate.  As the court noted in signing

that order:

> The motion [filed by SRP 2010-6] is unopposed, and sets
> forth adequate grounds for the relief sought.  I add
> these additional observations to what is set forth in the
> motion.  Despite the pendency of the case since January
> 19, 2017, the debtor has not filed schedules and other
> papers required under 11 U.S.C. section 521(a)(1). (Upon
> motion of a creditor or the trustee under 11 U.S.C.
> section 521(i), the case would be subject to automatic
> dismissal based on this failure that has lasted more than
> 45 days.)  Nor has the debtor filed a plan.
> This conduct of the debtor amounts to an abuse of
> the bankruptcy system.  A voluntary dismissal would be
> with prejudice for 180 days under 11 U.S.C. section
> 109(g)(2).
> A lifting of the stay as to any case involving this
> property and filed within 180 days is warranted in these
> circumstances.

In other words, the court noted that beyond the adequate grounds

set forth by SRP 2010-6 for granting its motion, the debtor's

acts in making the case subject to automatic dismissal under 11

U.S.C. § 521(i) were tantamount to voluntarily dismissing the

case, which would have justified making the dismissal order a

dismissal of the case with prejudice for 180 days, and thus those

acts, and the debtor's other abuses of the bankruptcy system,

fully justified making the lifting of the automatic stay as to

SRP 2010-6's collateral effective as to any new case the debtor
filed within 180 days after the lifting of the automatic stay.

In light of the foregoing, it is

ORDERED that the debtor's motion (Dkt. No. 41 filed on May
5, 2017) to vacate the *Order Terminating Automatic Stay and
Granting Prospective Relief from the Automatic Stay on All Future
Bankruptcy Filings for a Period of 180 Days* entered on May 3,
2017, is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing by clerk); recipients of e-
notification of orders.